## NETTLES v. SOUTHWEST TELEPHONE CO.

District Court, D. Arkansas, Jonesboro Division.

Jan. 26, 1939.

C. T. Carpenter, of Marked Tree, Ark., and Knight Carpenter, of Corning, Ark., for plaintiff.

Reid & Evrard, of Blytheville, Ark., and Eugene Warren, of House, Moses & Holmes, all of Little Rock, Ark., for defendant.

TRIMBLE, District Judge.

This is a suit brought by William Floyd Nettles for damages, which he alleges he sustained on the night of October 23, 1937, when a truck belonging to the defendant and operated by R. E. Harris, its employee, ran into and struck the plaintiff on the highway, and occasioned serious damages to him. The plaintiff alleged that the accident was occasioned by the negligence and carelessness of the operator of the truck, who was the employee of the defendant. The defendant in addition to denying the negligence of its employee pleads contributory negligence on the part of the plaintiff.

The proof upon the part of the defendant showed that the plaintiff ran from

his barnyard, pursuing a mule which had escaped therefrom, and ran upon the highway out from behind a caution sign directly in front of its truck without giving the operator time to avoid striking him. The evidence on behalf of the plaintiff and the defendant was in sharp conflict as to the negligence of the operator of the truck and as to the contributory negligence of the plaintiff. The cause was submitted to the jury under instructions as to the assessment of damages, and after being out several hours the jury returned a verdict for the plaintiff and assessed his damages at one thousand dollars.

The evidence in the case being in conflict, the cause was necessarily submitted to the jury upon the questions of fact involved, and had the jury brought in a verdict for the defendant the Court feels that in view of the conflict in the evidence it would not have been justified in setting the verdict aside. While I cannot say what the jury had in mind, they may have felt that the plaintiff was guilty of such contributory negligence that he was not entitled to damages, but allowed him a substantial sum to be applied to the payment of his expenses and medical bills, which he had incurred. The judgment also carries with it the costs in this proceeding. In as much as this is a substantial sum, and realizing the sharp conflict in the facts in this case as to whether or not the defendant is liable and the plaintiff is entitled to recover at all, the Court will overrule the motion for new trial.

It is so ordered.